UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COLBY BLAKE FITTS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:23-cv-225-TCK-JFJ |
| DON NEWBERRY, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

The Court has for its consideration a motion to dismiss filed by defendants Don Newberry, Vic Regalado, Dennie Jenkins, Morgan Pearce, Tia Frits, Devon Roberts, Jeffrey Diven, Olakunle Babarinde, Andrew Staiger, and Marshall Eldridge (Tulsa County Defendants), and the motion to dismiss filed by defendants Judge David Guten, Judge Tracy Priddy, Judge Anthony Miller, and Tulsa County District Attorney Steve Kunzweiler (State Defendants). (Docs. 11, 15).

Plaintiffs' 319-page complaint (inclusive of exhibits) asserts a number of claims against 55 defendants. (Doc. 2). Most of the complaint is so completely incomprehensible that it is difficult to discern both the claims being asserted and the factual basis for those claims against each specific defendant. By way of example, plaintiffs title their complaint "Claim of Trespass/Request for Inunction/Void Judgement" and include myriad unintelligible claims for relief, such as an "International Federal Tort Claim" and thirteen unsigned "Criminal Complaints" purportedly brought by the United States against a number of the defendants. (*Id.* at 1, 19, 65, 67, 69, 81, 83, 85, 87, 89, 91, 93, 107, 116, 123). Plaintiffs allege, in part, that the following facts support their claims against defendants:

> Claimant(s) have the evidence the defendant is dead at the time of trial which supports payment. Defendant(s) are attempting to complete a prohibited transaction operating in a conspiracy to defraud Claimant(s) and defraud the

>United States of America, using office of trust for private gains, extortion and embezzlement through extensions of credit, create void judgements on face for fraud, and tax evasion.

(*Id.* at 9). And although plaintiffs state that "[m]onetary damages would not adequately compensate" their damages, plaintiffs seek damages in excess of five billion "U.S. silver dollars or its equivalent." (*Id.* at 9, 11).

The Court may sua sponte dismiss a complaint "when it is patently obvious that the plaintiff could not prevail on the facts alleged and [amending the] complaint would be futile." *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (alterations and internal quotation marks omitted). When the plaintiff is proceeding pro se, courts must construe pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. *Whitney v. State of N.M.*, 113 F.3d 1170, 1173 (10th Cir. 1997) (internal quotations and alterations omitted). Notwithstanding the solicitous construction afforded to a pro se plaintiff's complaint, courts must dismiss actions that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McCreary v. Heath*, 2005 WL 975736, at *2 (D.D.C. Apr. 22, 2005) (applying § 1915(e)(2)(B) even where a pro se plaintiff is not proceeding in forma pauperis). Dismissal of a complaint as frivolous under § 1915(e)(2)(B) is appropriate when a claim is "based on an indisputably meritless legal theory." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (citing *Fratus v. DeLand*, 49 F.3d 673, 674 (10th Cir. 1995)).

Here, plaintiffs' complaint bears the hallmarks of the sovereign citizen movement—a legal theory "that has been consistently rejected by federal courts as . . . utterly frivolous." *Townsend v. Georgia*, 2019 WL 1009421, at *2 (S.D. Ga. Feb. 11, 2019), *report and recommendation adopted*, 2019 WL 1005199 (S.D. Ga. Mar. 1, 2019); *see also, Wirsche v. Bank*

*of Am., N.A.*, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) (Alvarez, J.) ("These teachings have never worked in a court of law—not a single time"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (the sovereign citizen issues raised by defendant "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (observing that the sovereign citizen issue raised by defendant has "no conceivable validity in American law"); *Euristhe v. Beckmann*, 2023 WL 4289780, at *2 (N.D. Tex. June 30, 2023), *report and recommendation adopted*, 2023 WL 4305388 (N.D. Tex. June 30, 2023) (sovereign citizen "arguments have been repeatedly rejected by . . . courts). In particular, common trademarks of sovereign citizens (or adherents of similar pseudolegal movements) include placing stamps or markings next to signatures; claiming to be a "settlor" or "executor" of the person sui juris; filing voluminous and nonsensical documents; asserting claims against government officials based on alleged violations of the Uniform Commercial Code; and referencing obsolete or inapposite legal dictionaries, caselaw, or statutes. *See* Christopher A. Young, *Minnesota Has New Weapons in the Fight against Paper Terrorism*, 76 Hennepin Law. 17 (2007); Caesar IV Kalinowski, *A Legal Response to the Sovereign Citizen Movement*, 80 Mont. L. Rev. 153 (2019); Lorelei Laird, *Paper Terrorists: 'Sovereign Citizens' Plaster Courts with Bogus Legal Filings - And Some Turn to Violence*, 100 A.B.A. J. 52 (2014). In the same fashion, plaintiffs' 127-page complaint contains fingerprints in red ink and gold seals embossed with the words, "House of Fitts – Heirs to the Divine Estate"; it is replete with nonsensical legal jargon, such as "sui juris," "ex rel.," and "executor"; it purports to criminally prosecute government officials, despite having no authority to do so; and it asserts bizarre claims based on the Uniform Commercial Code, the Treaty of Paris 1783, the Liebor Code, and Cannon Law.

State and Tulsa County Defendants both allude to the frivolous nature of the complaint in their motions to dismiss, (Docs. 11 at 2-3; 15 at 5), though neither motion seeks dismissal on that ground. However, the Court finds that dismissal of the complaint pursuant to § 1915(e)(2)(B) is warranted in this case because courts have roundly considered similar sovereign citizen legal theories to be "utterly frivolous," *Townsend*, 2019 WL 1009421, at *2, and "completely without merit" *Jagim*, 978 F.2d at 1036. Moreover, Fed. R. Civ. P. 8 provides that a complaint must contain a "short and plain statement" that gives a defendant fair notice of the plaintiff's claims and the grounds upon which they rest. "Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants" because it is virtually impossible for the defendants to divine any factual basis for a legally cognizable claim. *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996). To the extent that there is a plausible claim nested within plaintiffs' 127-page complaint, it is entirely lost amidst the volumes of nonsensical pseudolegal jargon. While plaintiffs' complaint is afforded a liberal construction, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Based on the foregoing, the Court finds that plaintiffs' complaint is based on the indisputably meritless sovereign citizen legal theory and fails to comply with the pleading requirements set forth in Rule 8. Accordingly, the complaint (Doc. 2) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8.

**SO ORDERED** this 1st day of August 2023.

TERENCE C. KERN
United States District Judge